IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KCMS CONTRACTING, INC., )
)
        Plaintiff, )
)
vs. ) Case No. 10-0182-CV-W-ODS
)
TRIAGE MANAGEMENT SERVICES, )
INC., )
)
        Defendant. )

<u>ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL ARBITRATION, AND (2) DIRECTING THE
PARTIES TO FILE JOINT STATUS REPORTS DURING STAY</u>

      Plaintiff is a corporation doing business in Jackson County, Missouri. Defendant is a Florida corporation. Plaintiff executed a "Contractor Agreement" with Defendant in February 2009 obligating Plaintiff to assist Defendant with repair services related to roofing, siding, and gutter repairs in exchange for payment. Plaintiff alleges Defendant breached the agreement, made fraudulent statements, failed to make an accurate accounting of costs and expenses, and engaged in a pattern of activity violative of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1962).

      Defendant has filed a motion to compel arbitration of Plaintiff's claims (Doc. 5). The relevant clause of the Contractor Agreement states:

> **F.**     **Arbitration.** Any controversy or claim arising out of or existing to this Agreement shall be determined by binding arbitration pursuant to the then existing rules of the American Arbitration Association and held in Duval County, Florida.

"[A]n agreement in writing to submit to arbitration an existing controversy arising out of . . . a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "'A dispute

must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement.'" *Berkley v. Dillard's Inc.*, 450 F.3d 775, 777 (8th Cir. 2006) (citation omitted). General state law contract defenses can be applied to invalidate an arbitration agreement. *Cicle v. Chase Bank USA*, 583 F.3d 549, 554 (8th Cir. 2009).

Plaintiff first argues that the arbitration clause is unconscionable under Missouri law. Before a contract will be deemed unenforceable on the grounds of unconscionability, a court applying Missouri law must find it both procedurally and substantively unconscionable. *Cicle*, 583 F.3d at 554 (citation omitted). An examination of contract formation process is necessary to determine whether an agreement is procedurally unconscionable. *Id.* (citation omitted). Plaintiff contends Defendant was in a superior bargaining position and the parties did not negotiate the arbitration clause. Plaintiff and Defendant are both commercial entities. Plaintiff offers no evidentiary support for its assertion that Defendant's bargaining power was superior to Plaintiff's. Nothing about the parties' relationship suggests "the lack of opportunity in the ordinary course for negotiation." *Id.* at 555. The arbitration provision was in the same size font as the rest of the Contractor Agreement. *See id.* at 554. The arbitration agreement was introduced by a boldfaced caption. *See id.* The arbitration agreement was not "foisted upon" Plaintiff after the Contract Agreement was executed. *See id.* The agreement to arbitrate is not procedurally unconscionable.

Substantive unconscionability relates to the terms of the contract itself. *See Cicle*, 583 F.3d at 554 (citation omitted). Plaintiff argues the arbitration clause should not be enforced because Plaintiff will be forced to bear some costs of the proceeding. A party "'seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs.'" *Id.* at 556-57 (quoting *Green Tree Fin. Corp.-Al. v. Randolph*, 531 U.S. 79, 92 (2000)). Plaintiff has not demonstrated or even claimed that it is unable to afford arbitration fees. An "unsupported assertion of 'high' costs and . . . inability to pay them . . . [is] . . . 'too speculative to justify the invalidation of an arbitration agreement.'" *Id.* at 557 (quoting *Green Tree Fin. Corp.-Al. v. Randolph*, 531 U.S. at 90 & n.6, 91).

Plaintiff additionally complains that the arbitration will be conducted at Defendant's home office location in Florida. This is not an objectively unreasonable requirement. The arbitration clause is not substantively unconscionable.

Plaintiff's second argument is that the arbitration clause violates public policy because it denies Plaintiff full federal rights. Plaintiff maintains that "RICO specifically allows for treble damages, a provision which arbitrators have refused to enforce." Plaintiff's support for this claim–*Investment Partners, L.P. v. Glamour Shots Licensing*, Inc., 298 F.3d 314 (5th Cir. 2002)–does not stand for this proposition. *Investment Partners, L.P.* held that an arbitration agreement which prohibited punitive damages did *not* prohibit statutory treble damages. *Id.* at 316-18. Even if the Plaintiff and Defendant's agreement included a limitation on punitive damages, Eighth Circuit authority holds that the question whether such limitation violated public policy would be for the arbitrator, not the Court. *See Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085-86 (8th Cir. 2001), *cited in Arkcom Digital Corp. v. Xerox Corp.*, 289 F.3d 536, 538-40 (8th Cir. 2002); *see also PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401, 405-07 (2003) (remanding case for arbitration despite fact that arbitration agreements might be construed to limit arbitrator's authority to award treble damages for RICO violations). The arbitration clause in the Contractor Agreement will be enforced. The parties are compelled to arbitrate Plaintiff's claims.

The final issue is whether a stay or dismissal should be entered. Plaintiff requests a stay; Defendant requests dismissal. The Federal Arbitration Act states that a court compelling arbitration "shall . . . *stay* the trial of the action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added). There is a split among the federal circuits on the question whether a case raising arbitrable issues can be dismissed rather than stayed. *Precision Press, Inc. v. MLP U.S.A.*, Inc., 620 F. Supp. 2d 981, 995 (N.D. Iowa 2009) (citing cases). The Eighth Circuit affirmed a dismissal under 9 U.S.C. § 3 in *Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991), but has yet to expressly hold that dismissal is a proper remedy. The Court will stay this case because that "is the approach most in keeping with the language of the FAA." *Precision Press, Inc.*, 620 F. Supp. 2d at 995. The parties shall file a joint status report every 90 days

apprising the Court of the progress of arbitration. The parties' first joint status report will be due August 16, 2010.

IT IS SO ORDERED.

DATE: May 18, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT